UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA            CRIMINAL ACTION NO. 90-30017

VERSUS                              JUDGE DONALD E. WALTER

STEVE J. GARNER

**MEMORANDUM ORDER**

Before the Court is a motion for compassionate release and a motion to reduce sentence filed pro se by the defendant, Steve J. Garner ("Garner"). See Record Documents 71 and 74. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Garner. The Government opposes Garner's motion. See Record Document 83. Based on the following, the motion for release is **DENIED**.

In October of 1990, Garner was charged in a one-count indictment with kidnapping and transporting his estranged wife in interstate commerce for his own benefit, in violation of 18 U.S.C. § 1201(a)(1). He was found guilty following a jury trial that was held in January of 1991. Garner was sentenced to life imprisonment. Garner is currently housed at the United States Penitentiary in Tucson, Arizona ("USP Tucson").

Garner filed a motion seeking compassionate release or, in the alternative, release to home confinement based on his age of 73, the fact that he has served 31 years of his sentence, and that he is an open-heart surgery patient who is on a blood thinner. He also has concerns that his heart condition makes him particularly susceptible to becoming seriously ill if he contracted COVID-19. See Record Document 71 at 3. Garner also asserts that the medical care at his facility is "very

poor."[1]  Id.  Garner has exhausted his administrative remedies by filing a request through the Bureau of Prisons ("BOP") and the request was denied.  See Record Document 83 at 4, Ex. 3; see also 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . .").

The Government maintains that Garner's motion fails on the merits.  See Record Document 83 and 90.  The Government contends that Garner has not established an "extraordinary and compelling reason" for release as to his COVID-19-related concerns, as the term is defined in Section 3582(c)(1)(A), as his medical records reveal that he has received both doses of the COVID-19 vaccine.  See Record Document 83 at 9.  The Government also asserts that even considering the age-related factors asserted by Garner, he does not present extraordinary and compelling reasons for relief.  See Record Document 90.  Finally, the Government contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Garner's release.  See Record Document 83.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where

---

[1] "[A]llegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." Schipke v. Van Buren, 239 F. App'x 85, 85-86 (5th Cir. 2007).  Title 42 U.S.C. § 1983 is used to challenge conditions of confinement.  See Poree v. Collins, 866 F.3d 235, 242-43 (5th Cir. 2017).

2

the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling," as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor

3

>   cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is—
>
>   > (I) suffering from a serious physical or medical condition,
>   >
>   > (II) suffering from a serious functional or cognitive impairment, or
>   >
>   > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> . . .
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1. However, the Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. Regardless, the defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at

*2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Although the policy statement is no longer binding on this Court pursuant to Shkambi, it remains persuasive authority as to what constitutes an extraordinary and compelling reason for compassionate relief.  See United States v. Malone, No. 12-146-03, 2020 WL 3065905, at *5 (W.D. La. June 9, 2020)  ("The Court agrees that the policy statement provides a helpful framework for compassionate release decisions, but it is not conclusive given the recent statutory changes."); United States v. Bloxom, No. 07-50100, 2021 WL 4134411 (W.D. La. Sept. 10, 2021) ("Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.").  Regardless, even removing any reference whatsoever to the policy statement or its comments from the analysis, this Court still cannot conclude that Garner's situation qualifies as extraordinary and compelling.

The BOP is in the process of administering the COVID-19 vaccine to inmates and staff.  To date, the BOP has administered approximately 233,740 doses of the vaccine.  See www.bop.gov/coronavirus (last updated 10/20/21).  In fact, medical records reveal that Garner received both doses of the Moderna COVID-19 vaccine as of April 14, 2021.  See Record Document 83, Ex. 1.  In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Garner, have been vaccinated for COVID-19.  See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v.

Schad, 17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021); United States v. Leavell, No. 07-202, 2021 WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021).  In light of all of these circumstances, Garner has failed to establish that extraordinary and compelling reasons exist to release him from prison as to any COVID-19-related concerns.

The Court has also looked at the presence of COVID-19 at USP Tucson.  There are no inmates or staff currently testing positive out of 1,361 total inmates. http://www.bop.gov/coronavirus (last updated 10/20/21).  Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020)).  Garner has not shown that inmates are currently not receiving adequate medical attention if they contract the virus.  Additionally, Garner has not shown that the BOP is currently unable to adequately manage the COVID situation.  This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[2]  Considering that Garner has received a COVID

---

[2] Garner also appears to have requested release to home confinement.  However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons.  See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic,

6

vaccination and the absence of cases at USP Tucson, he has failed to establish the existence of sufficient reasons based on the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief. Therefore, the Court finds that Garner has not met his burden as to any COVID-19-related claims.

Garner also specifically cites the Bureau of Prisons Policy Statement 5050.49[3] regarding his age and his medical conditions and the amount of time he has served thus far in prison in support of his argument that he should be considered for compassionate release. This section provides:

> 4. Requests Based On Non-Medical Circumstances—Elderly Inmates
>
> The criteria for a [reduction in sentence] request may include the following:
>
> . . .
>
> b. Elderly Inmates with Medical Conditions. Inmates who fit the following criteria:
>
> - Age 65 and older.
>
> - Suffer from chronic or serious medical conditions related to the aging process.
>
> - Experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility.
>
> - Conventional treatment promises no substantial improvement to their mental or physical condition.
>
> - Have served at least 50% of their sentence.

---

the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

[3] The BOP updated this document in 2019 under Program Statement 5050.50. However, the relevant language is virtually identical.

> Additionally, for inmates in this category, the BOP should consider the following factors when evaluating the risk that an elderly inmate may reoffend:
>
> - The age at which the inmate committed the current offense.
>
> - Whether the inmate suffered from these medical conditions at the time the inmate committed the offense.
>
> - Whether the inmate suffered from these medical conditions at the time of sentencing and whether the Presentence Investigation Report (PSR) mentions these conditions.

<u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)</u>, U.S. Dep't of Justice Fed. Bureau of Prisons No. 5050.50, at 6 (Jan. 17, 2019).[4]

When Garner submitted his "Request to Staff" requesting consideration for a compassionate release/reduction in sentence based on being an elderly inmate with medical conditions criteria, the BOP responded that (1) Garner's medical condition was being appropriately managed and treated, (2) in order to be considered under the criteria identified, it is necessary to have served at least 50% of the sentence and due to the fact that Garner is serving a life sentence, it is not possible to determine the 50% threshold, and (3) due to the nature and circumstances of the offense and the impact the offense had on the victim, a release at this time would minimize the severity of the offense and diminish the impact the offense had on the victim. See Record Document 83, Ex. 3. It is unclear whether the BOP has ever recommended compassionate release

---

[4] This BOP policy statement also addresses "Other Elderly Inmates" and states that criteria for a reduction in sentence may include the following: "Inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced." BOP Policy Statement 5040.10(4)(c). Garner's life sentence precludes the applicability of this provision.

under the "age-only" category for someone who has been sentenced to life in prison. The BOP has, however, denied a 72-year-old inmate compassionate release who had completed 22 years of multiple life sentence because he had not met the 75% requirement. See Levine v. Fed. Bureau of Prisons, 245 F.Supp.3d 149, 152 (D.D.C. 2017).[5] Admittedly, Garner has served over thirty years of his life sentence. He is over 65. It is questionable, however, whether he has served either 50% or 75% of the "term of imprisonment to which the inmate was sentenced." BOP Statement § 5050.50(4)(c). As to Garner, the inquiry is inherently imprecise due to his sentence of life in prison. Furthermore, he has not shown that he is "[e]xperiencing deteriorating mental or physical health that substantially diminishes [his] ability to function in a correctional facility." Id. For these reasons, Garner has not met his burden of showing extraordinary and compelling reasons for release under any set of circumstances as to elderly inmates, with or without a medical condition.

Even assuming that Garner had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

---

[5] Even if this Court considered the non-binding Policy Statement of the United States Sentencing Guideline under Section 1B1.13 regarding the "Age of the Defendant," see Note 2 supra, Garner still would not qualify as extraordinary and compelling, as he has not presented any evidence that he is suffering a serious deterioration in physical or mental health because of the aging process.

Garner has not demonstrated that he qualifies for compassionate release under these guidelines. First, as previously mentioned, Garner was sentenced in this Court for kidnapping and transporting his estranged wife in interstate commerce. During the commission of this crime, Garner forcibly abducted his estranged wife from her home, after first threatening her companion at gunpoint and chasing him out of the house. Garner and his victim were not seen again for several hours until spotted later that night in Garner's pickup truck, pulling into a convenience store in Natchez, Mississippi. The victim jumped out of the truck and ran into the store. Garner chased her into the store and shot her. The victim was hit once in the left temple, resulting in permanent blindness, paralysis on her right side, and an inability to communicate other than providing one or two syllable responses to questions. The presentence report noted that during the kidnapping, Garner had "tied [Janet's] hands and feet and beat and raped her." During sentencing, this Court specifically noted: "I saw the look of contempt on your face as your wife was wheeled out of this courtroom."

Second, Garner's conduct while in prison also disqualifies him from compassionate release. Garner has been disciplined over twenty times while in prison for refusing to obey orders, being insolent and threatening staff, and assault on a staff member causing serious injury. As recently as April of 2020, Garner was disciplined for threatening bodily harm when he told a correctional officer that he would "get back" at him by ordering his cousin to go after the officer's wife. See Record Document 83, Ex. 12 at 2. These acts represent a continuing disregard for the law.

Garner also has previous convictions for criminal mischief and menacing (where he pointed a gun at a store employee), third-degree assault, reckless endangerment (where he rammed his car into another man's car and pointed a handgun at him), and third-degree assault (where he

choked the same victim whom he later shot inside the convenience store). Admittedly, these previous convictions are all from the 1980s, but they nevertheless portray a defendant with a criminal history who does not qualify for compassionate release.

In light of these, and other facts, to reduce Garner's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against reducing Garner's sentence. [6]

For the foregoing reasons, **IT IS ORDERED** that Garner's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of October, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[6] Even had Garner requested relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii), he would not have qualified, as that section requires a defendant to be 70 years of age or older, have served at least 30 years in prison and that the BOP make a determination that he is not a danger to the safety of any other person or the community. In addition, the defendant must have served at least 30 years in prison pursuant to a sentence imposed under Section 3559(c), the federal "three strikes" provision, for which Garner does not qualify. Furthermore, in Garner's case, the BOP has not made a determination that he is not a danger to the safety of any other person or the community. Accordingly, any request for relief under Section 3582(c)(1)(A)(ii) also would have been denied.