**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 90-30017

VERSUS                                                         JUDGE DONALD E. WALTER

STEVE J. GARNER

**<u>MEMORANDUM ORDER</u>**

Before the Court is a motion entitled "Motion To Federal Judge, Donald E. Walter" filed pro se by the Defendant, Steve J. Garner ("Garner").  <u>See</u> Record Document 135.  In his motion, Garner contends that the undersigned is related to "Witness, Mr. Patrick Hill" and that this should result in recusal regarding a compassionate release motion that he will be filing in the "near future." <u>Id.</u>

Motions for recusal under both 28 U.S.C. § 144 and 28 U.S.C. § 455 are committed to the sound discretion of the district judge.  <u>See</u> <u>Chitimacha Tribe of La. v. Harry L. Laws Co.</u>, 690 F.2d 1157, 1166 (5th Cir. 1982).  A judge shall disqualify himself under 28 U.S.C. § 455(a) "in any proceeding in which his impartiality might reasonably be questioned."  A judge shall also disqualify himself under certain circumstances enumerated under section 455(b), including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  None of the circumstances requiring disqualification under Section 455 are present here and the factual circumstances Garner alleged are not grounds for recusal under this section, as the Court is unaware of any relationship to Mr. Patrick Hill.

To the extent that Garner's submission may be construed as a motion to recuse pursuant to 28 U.S.C. § 144, it is also insufficient.  Section 144 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . .

28 U.S.C. § 144.  A legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements:  (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature.  See Henderson v. Dep't of Pub. Safety & Corrs., 901 F.2d 1288, 1296 (5th Cir. 1990).  None of these requirements have been met by Garner.

Accordingly,

**IT IS ORDERED** that Garner's Motion for Recusal is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of November, 2023.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE