UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 90-30017 |
| VERSUS | JUDGE DONALD E. WALTER |
| STEVE J. GARNER | |

**MEMORANDUM ORDER**

Before the Court is a second motion for compassionate release filed pro se by the defendant, Steve J. Garner ("Garner"). See Record Document 139. Based on the following, the second motion for compassionate release is **DENIED**.

In October of 1990, Garner was charged in a one-count indictment with kidnapping and transporting his estranged wife in interstate commerce for his own benefit, in violation of 18 U.S.C. § 1201(a)(1). He was found guilty following a jury trial that was held in January of 1991. Garner was sentenced to life imprisonment. Garner is currently housed at the United States Penitentiary in Tucson, Arizona ("USP Tucson").

Garner filed his first motion seeking compassionate release or, in the alternative, release to home confinement based on his age of 73, the fact that he had served 31 years of his sentence, and that he is an open-heart surgery patient who is on a blood thinner. He also had concerns that his heart condition made him particularly susceptible to becoming seriously ill if he contracted COVID-19. See Record Document 71 at 3. Garner also asserted that the medical care at his facility was "very poor." Id. This Court denied Garner's motion, finding that Garner's situation

did not qualify as extraordinary and compelling "under any set of circumstances as to elderly inmates, with or without a medical condition." Record Document 93 at 9. This Court further found that Garner was not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). See Record Document 93. This order was affirmed on appeal. See United States v. Garner, No. 21-30706, 2022 WL 3097368 (5th Cir. Aug. 3, 2022).

On December 19, 2023, Garner filed another administrative request for compassionate release with the warden at USP Tuscon, seeking release based upon his age (now 76) and medical conditions. See Record Document 147, Ex. 1. On March 18, 2024, the Health Service Administrator for USP Tuscon advised the Deputy Case Manager that Garner met "the age requirement but does not have any chronic or debilitating disease which would qualify for compassionate release." Id., Ex. 2. The Health Service Administrator further noted that Garner was serving a life sentence and, thus, could not "complete 50-75% of his time." Id. Thereafter, the warden denied Garner's request, finding that Garner's medical condition was "being appropriately managed and treated" and that it was not possible to determine whether Garner had served 50% of his sentence due to the fact that he was serving a life sentence. Id., Ex. 3. Garner then filed the instant motion for compassionate release, asserting that: (1) this Court should reconsider his sentence in light of changes in the law under the First Step Act of 2018; (2) his health conditions are extraordinary and compelling reasons requiring release; and (3) he is actually innocent of the offense for which he was convicted and his sentencing guidelines were incorrect.[1] See Record Document 139. None of these reasons justify compassionate release.

---

[1] These arguments were made previously on direct appeal and in a motion for reduction of sentence, which was denied. See United States v. Garner, No. 91-4518, 1991 WL 11245362 (5th Cir. Aug. 29, 1991); Record Documents 122-23. Therefore, this Court will not address these

2

## LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3582(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from the Bureau of Prison's ("BOP") custody. See U.S.S.G. § 1B1.13.[2] However, the Fifth Circuit Court of Appeals held that

---

arguments again. Furthermore, permitting Garner to make actual innocence arguments in a motion for compassionate release would enable him to pursue habeas relief and thereby evade the procedural limitations on bringing habeas claims. See United States v. Jacques, No. 20-3276, 2022 WL 894695 (2d Cir. Mar. 28, 2022).

[2] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . ." "if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

    (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3) The reduction is consistent with this policy statement.

this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons. See United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id.  The defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

     This Court has already considered, and denied, Garner's age and health requests. See Record Document 93. The fact that Garner has served additional time on his sentence does not persuade this Court to alter its previous conclusion. This Court also previously analyzed the applicability of the Bureau of Prisons Policy Statement 5050.49 regarding age and medical conditions and the amount of time Garner has served thus far in prison in support of his argument that he should be considered for compassionate release, and nothing has changed. See id.

---

U.S.S.G. § 1B1.13.  The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

Garner also contends that he has presented an extraordinary and compelling reason for release in that there has been a change in the law. He cites United States Sentencing Guideline 1B1.13[3] as providing that a retroactive change in the law may be considered in determining whether a defendant presents an extraordinary and compelling reason for compassionate release. Garner also notes that this is applicable only where "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Record Document 139 at 8-9. However, Garner provides no explanation as to what change in the law has occurred to the kidnapping statute under which he was convicted. Accordingly, there is nothing extraordinary or compelling about the fact that Garner's sentence reflects the statutory penalty that existed at the time he was sentenced. Although Section 1B1.13(b)(6) provides that a district court may reduce a defendant's sentence when, in the judge's estimation, the defendant received "an unusually long sentence" that now represents a "gross disparity" from the sentence the court would likely impose today, this Court would not impose a sentence today that is any different than the one originally imposed. Section 1B1.13(b)(6) is simply inapplicable here. Accordingly, Garner has not presented an extraordinary and compelling reason for compassionate release under this section.

Even assuming that Garner had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set

---

[3] Under Section 1B1.13(b)(6), "after November 1, 2023, a non-retroactive change in the law may be considered in determining whether the defendant presents, as a whole, extraordinary and compelling reasons if: (1) the defendant has served at least ten years of the term of imprisonment; (2) the change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed; and (3) the defendant's individualized circumstances support compassionate release." United States v. Jean, 108 F.4th 275, 289-90 (5th Cir. 2024).

forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

Garner has not demonstrated that he qualifies for compassionate release under these guidelines. First, as previously mentioned, Garner was sentenced in this Court for kidnapping and transporting his estranged wife in interstate commerce. During the commission of this crime, Garner forcibly abducted his estranged wife from her home, after first threatening her companion at gunpoint and chasing him out of the house. Garner and his victim were not seen again for several hours until spotted later that night in Garner's pickup truck, pulling into a convenience store in Natchez, Mississippi. The victim jumped out of the truck and ran into the store. Garner chased her into the store and shot her. The victim was hit once in the left temple, resulting in permanent blindness, paralysis on her right side, and an inability to communicate other than providing one or two syllable responses to questions. The presentence report noted that during the kidnapping, Garner had "tied [Janet's] hands and feet and beat and raped her." During sentencing, this Court specifically noted: "I saw the look of contempt on your face as your wife was wheeled out of this courtroom."

Garner's conduct while in prison also weighs against compassionate release. Garner has been disciplined over twenty times while in prison for refusing to obey orders, being insolent and threatening staff, and assault on a staff member causing serious injury. In April of 2020, Garner was disciplined for threatening bodily harm when he told a correctional officer that he would "get

back" at him by ordering his cousin to go after the officer's wife. See Record Document 83, Ex. 12 at 2. These acts represent a continuing disregard for the law.[4] In light of these, and other facts, to reduce Garner's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct. Accordingly, the Section 3553(a) factors weigh against reducing Garner's sentence.[5]

This Court has again reviewed the entirety of Garner's record[6] and is convinced that nothing of substance has changed regarding this Court's previous analysis of the Section 3553(a) factors other than the mere passage of time. It is without question that the nature and circumstances of Garner's offense and his history and characteristics continue to disfavor his release. Moreover, this Court notes that in all of his filings, Garner does not accept responsibility but, to the contrary, continues to assert his innocence of the horrific crime of which he was convicted. A release for Garner would not reflect the seriousness of the offense, promote respect for the law, afford

---

[4] Garner also has previous convictions for criminal mischief and menacing (where he pointed a gun at a store employee), third-degree assault, reckless endangerment (where he rammed his car into another man's car and pointed a handgun at him), and third-degree assault. Admittedly, these previous convictions are all from the 1980s, but they nevertheless portray a defendant with a criminal history who does not qualify for compassionate release.

[5] Even had Garner requested relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii), he would not have qualified, as that section requires a defendant to be 70 years of age or older, have served at least 30 years in prison and that the BOP make a determination that he is not a danger to the safety of any other person or the community. In Garner's case, the BOP has not made a determination that he is not a danger to the safety of any other person or the community. Accordingly, any request for relief under Section 3582(c)(1)(A)(ii) also would have been denied.

[6] This includes Garner's most recent filing entitled "Compassionate Release Response From S.J. Garner." Record Document 155.

adequate deterrence to criminal conduct, or protect the public from further crimes by this defendant. Simply stated, none of the factors have changed since this Court's previous analysis.

For the foregoing reasons, **IT IS ORDERED** that Garner's motion for compassionate release is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 12th day of September, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE